UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ESTHER IGENE,

                                   Plaintiff,                                                  MEMORANDUM
                                                                               AND ORDER

                            -against-                                                        12-CV-149 (ERK)

MIRACLE SECURITY, INC., et al.,

                                  Defendants.
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       In 2009, defendant Miracle Security, Inc. ("Miracle") hired plaintiff Esther Igene ("plaintiff") to work as a security guard at various public school construction sites throughout New York City. See Complaint (Jan. 12, 2012) ("Compl.") ¶¶ 23-25, Electronic Case Filing Docket Entry ("DE") #1. Following plaintiff's termination in October 2011, plaintiff brought this putative class action wage-and-hour lawsuit, claiming, *inter alia*, that Miracle and its individual owners (the "Miracle defendants") failed to properly pay plaintiff, and other similarly situated security guards, prevailing wages and overtime. See id. ¶ 3.

       Currently pending before this Court, on a referral from the Honorable Edward R. Korman, is plaintiff's motion for class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure, of plaintiff's state law wage claims.[1] See Motion to Certify Class (Feb. 7, 2013), DE #62; Order Referring Motion (Feb. 13, 2013). In opposing class certification, the Miracle defendants also cross-move for partial summary judgment dismissing plaintiff's fifth cause of action, a state common law claim for prevailing wages as a third-party beneficiary of

---

[1] Plaintiff's papers are confusing as to the state law claims on which she is seeking class certification. See *infra* pp. 6-7.

a public works contract.  See Cross Motion for Summary Judgment Dismissing Plaintiff's Fifth Cause of Action (Mar. 18, 2013), DE #66.  Judge Korman recently referred the cross-motion for summary judgment to the undersigned magistrate judge.  See Order Referring Motion (Sept. 19, 2013).

Having reviewed the parties' submissions addressing the two referred motions, this Court has identified a series of issues that, as further explained below, require supplemental briefing.

## DISCUSSION

I. **Plaintiff's Evolving Theory of Prevailing Wages**

A. **The Complaint**

In her fifth claim for relief, plaintiff alleges that she and others similarly situated "were persons covered by, or the intended third-party beneficiaries of, the contracts entered into by" Miracle and defendant Hunter Roberts Construction Group, L.L.C. ("Hunter Roberts")[2] (collectively, "defendants") and various city, state and federal government instrumentalities,"to perform work on public works."  See Compl. ¶ 105; see also id. ¶ 106.  In her complaint, plaintiff contends that the aforesaid contracts required Miracle employees to be compensated at no less than the prevailing wages required by those contracts and under federal and New York state law, but that defendants failed to pay plaintiff the contractually and legally required rate.  See id. ¶ 107.  The complaint identifies only one prevailing wage statute — New York Labor Law § 220 ("section 220"), which requires that any "laborers, workmen

---

[2] On October 25, 2012, Hunter Roberts informed this Court that it had settled the matter with plaintiff and would "submit a Stipulation of Dismissal to the Court."  See Letter (Oct. 25, 2012), DE #36.  As no such stipulation of dismissal has been filed, Hunter Roberts technically remains a defendant.

or mechanics" hired to work on a public works contract be paid a prevailing rate of wages; section 220 further mandates that "[s]uch contracts" contain a provision guaranteeing the prevailing rate to "each laborer, workman or mechanic." N.Y. Lab. L. § 220(3)(a); see Compl. ¶¶ 64-70.

### B. Plaintiff's Motion for Class Certification

In plaintiff's memorandum of law in support of class certification, plaintiff seeks to certify a class of persons who worked "as security guards on construction projects at public schools" but who "were not paid at the prevailing wage rates for *public works* projects for the work performed for" defendants in connection with those projects. See Plaintiff's Memorandum of Points and Authorities in Support of Class Certification (Feb. 7, 2013) ("Pl. Mem.") at 1, DE #62-1 (emphasis added). In support of her motion, plaintiff cites section 220, which was specifically alleged in plaintiff's complaint. See, e.g., Pl. Mem. at 12. Section 220 is part of Article 8 of the New York Labor Law (or "NYLL"), which is titled "Public Work."

In addition to citing section 220, plaintiff's certification motion also references New York Labor Law § 231 ("section 231"). See, e.g., Pl. Mem. at 1. Section 231 requires that prevailing wages be paid to any "service employee under a contract for building service work." See N.Y. Lab. L. § 231(1). As defined in New York Labor Law § 230 ("section 230"), a building service employee means "any person performing work in connection with the care or maintenance of an existing building" and includes, among other occupations, a "watchman" or "guard." See N.Y. Lab. L. § 230(1). Sections 230 and 231 are provisions included in Article 9 of the New York Labor Law, which is titled "Prevailing Wage for

-3-

Building Service Employees."  Neither section 230 nor section 231 is mentioned in plaintiff's complaint, which identifies only one theory for plaintiff's prevailing wage claims:  i.e., that plaintiff and similarly situated employees were entitled to prevailing wages for work performed on *public works projects*.  See, e.g., Compl. ¶¶ 107-110.

Nevertheless, throughout plaintiff's motion for class certification, she cites interchangeably to both sections 220 and 231.  See, e.g., Pl. Mem. at 12, 13, 17, 18.  In support of her motion, she also attaches prevailing wage schedules for sections 230/231, which contain the required pay rate for an unarmed security guard, but she does not attach any corresponding prevailing wage schedule for section 220.  See Section 230 Prevailing Wage Schedules Created by N.Y.C. Office of the Comptroller, DE #62-7 through #62-9.

**C.   Plaintiff's Opposition to the Cross-Motion for Summary Judgment**

As noted above, in addition to opposing plaintiff's motion for class certification, the Miracle defendants cross-move for summary judgment on plaintiff's fifth claim, which is based on the theory that plaintiff and other similarly situated Miracle employees were third-party beneficiaries of contracts that obligated defendants to pay prevailing wages to Miracle's employees.  See Defendants' Memorandum of Law in Opposition to Class Certification and in Support of Partial Summary Judgment (Mar. 18, 2013) ("Def. Opp. & Mem.") at 9-11, DE #68; see also Compl. ¶¶ 58-59, 105-108.  The two contracts proffered to the Court consist of an agreement between the New York City School Construction Authority ("SCA") and Hunter Roberts, as general contractor, and a subcontract between Hunter Roberts and Miracle, as subcontractor.  See Bid and Contract Agreement between SCA and Hunter Roberts (Mar. 24,

2010), DE #62-12 at 2-7; Services Agreement between Hunter Roberts and Miracle (June 24, 2010), DE #62-11.  In their cross-motion, defendants argue that neither of those contracts actually contained language requiring Miracle to pay prevailing wage rates to its employees.  See Def. Opp. & Mem. at 10-11.

Plaintiff responded to defendants' cross-motion by submitting an additional contractual document (called "General Conditions – Line Projects") containing a provision requiring Hunter Roberts to pay prevailing wages to "laborers, workmen or mechanics" employed in the performance of the contract, in accordance with section 220.  See General Conditions – Line Projects (Oct. 16, 2009), DE #71-1 at 67; Plaintiff's Combined Memorandum in Opposition to Partial Summary Judgment and in Reply to Motion for Class Certification (Apr. 19, 2013) ("Pl. Opp. & Reply") at 3, DE #69.  Plaintiff has proffered no evidence of a contractual provision relating to section 230 or 231.  Despite the absence of a contractual provision relating to section 230 or 231, plaintiff's motion papers characterize the prevailing wage schedules of section 230/231 as "the prevailing wage that should have been paid" to plaintiff.  See Pl. Opp. & Reply at 5 n.2.

As evidenced by the discussion above, plaintiff has, throughout her motion papers, conflated the prevailing wage rates for laborers, workmen and mechanics on public works contracts, as guaranteed by section 220, and the prevailing wage rates for building service employees, as guaranteed by section 230/231 — provisions that appear in completely separate articles of the New York Labor Law and that address very different types of contracts.

Therefore, plaintiff is directed to specify (1) the prevailing wage provision under which

-5-

she is seeking to certify a class; and (2), in the event plaintiff intends to proceed based on section 230/231, why plaintiff should be allowed to advance a legal theory absent from her complaint. Plaintiff's supplemental submission, to be filed by ECF no later than October 11, 2013, must include citations to relevant legal authority on these points. Defendant is directed to reply to plaintiff's submission, by October 18, 2013.

**II.   Which State Law Claims Are the Subject of Plaintiff's Rule 23 Motion to Certify**

Plaintiff's motion papers are similarly ambiguous with respect to which state law claims plaintiff seeks to adjudicate on a class basis. For instance, her memorandum of law states that she "moves to certify the class of all others similarly situated pursuant to [Rule 23(b) of the Federal Rules of Civil Procedure] for purposes of *their claims under the NYLL*." Pl. Mem. at 1 (emphasis added). Plaintiff's complaint includes one NYLL claim, asserted as her second claim for relief. See Compl. ¶¶ 92-94 ("Second Claim for Relief: New York Labor Law against the Miracle Defendants"). Thus, at first blush, it would appear that she is moving to certify a class based on her second claim, under the NYLL.

The viability of plaintiff's second claim is, however, questionable. Plaintiff admits in her motion papers that she has not exhausted the administrative remedies necessary in order to maintain a claim under section 220 of the NYLL. See Pl. Mem. at 15. Thus, it appears that plaintiff would be barred from bringing her section 220 claim in her own name, let alone on behalf of others. See Samborski v. Linear Abatement Corp., 1998 WL 474069, at *2 (S.D.N.Y. Aug. 10, 1998) (plaintiffs' failure to exhaust administrative remedies barred their claim under section 220); Brandy v. Canea Mare Contracting, Inc., 825 N.Y.S.2d 230, 231-32 (2d Dep't 2006) ("The determination of a prevailing wage claim is, in the first instance, the

exclusive province of the fiscal officer and must be initially subjected to an administrative proceeding[.])" (quoting P & T Iron Works v. Talisman Contracting Co., 795 N.Y.S.2d 306 (2d Dep't 2005)).

Moreover, plaintiff's motion papers obfuscate the portion of the pleading for which class treatment is being sought. After first stating that she seeks certification of the claims "under the NYLL," Pl. Mem. at 1, the next paragraph in plaintiff's class certification brief -- in an apparent reference to the common law third-party beneficiary contract theory embodied in her fifth claim -- defines the "single common legal question" applicable to the class as "whether Defendants' employees are entitled to pursue their claims for prevailing wages as third party beneficiaries to the contracts between Defendants and the city agency in charge of school construction." See id. The complaint does nothing to dispel the resulting confusion as to whether plaintiff is moving for class certification on her second (i.e., statutory) claim versus her fifth (common law) claim, as she purports to bring class allegations under both. See Compl. ¶ 85 (alleging class action based on first, second, fourth, fifth and ninth claims).

Therefore, plaintiff is directed to file a supplemental submission, via ECF, by October 11, 2013, that clarifies which of her state law claims she seeks to certify as a class in her pending Rule 23 motion, and that shows cause why her second claim for relief, to the extent it is predicated on section 220 of the NYLL, should not be dismissed for failure to exhaust her administrative remedies  The Miracle defendants are directed to file a responsive submission on these points, via ECF, by October 18, 2013.

### III. Intervening Law

Plaintiff and defendant agree that the central issue in this case is whether defendants

were obligated to pay the prevailing wage rates to plaintiff and others like her, in accordance with "schedules created by the New York City Office of the Comptroller[.]" Pl. Mem. at 4; Def. Opp. & Mem. at 7 ("On this point, Defendants also agree that the issue of whether Miracle's security guards were not paid the prevailing wages they were entitled to receive raises identical legal arguments for plaintiff and all of the other proposed class members."). Plaintiff contends that her prevailing wage claim is predicated on state statutes and that defendants' construction of those statutes contravenes their purpose. See Pl. Opp. & Reply at 18, 20. Neither side cites any case law addressing whether security guards who work on construction sites pursuant to public works contracts are entitled to prevailing wages. There are, however, two agency letters opining that security guards for public works construction sites are not entitled to prevailing wages — an October 15, 2009 opinion letter by the New York State Department of Labor and a July 1, 2010 advisory notice from the Deputy Comptroller for Legal Affairs/General Counsel of the Office of the New York City Comptroller. See Letter from John D. Charles (Oct. 15, 2009), DE #62-14; Memorandum from Ricardo Elias Morales (July 1, 2010), DE #62-13.

Undoubtedly, this case raises a novel and complex issue of state law — and one that predominates over the federal claims in this action.[3] From the outset of this case, the undersigned magistrate judge has questioned the wisdom of having a federal court decide, in

---

[3] Prior discussions with the parties revealed that plaintiff's claim under the Fair Labor Standards Act ("FLSA") for premium pay for overtime involves only a handful of overtime hours. It appears that she asserts no other viable FLSA claim. See Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F.3d 106, 116 (2d Cir. 2013) ("So long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week.").

the absence of any state court authority on the issue, what type of worker is entitled to prevailing wages under New York law. A very recent intervening opinion by the Court of Appeals for the Second Circuit casts further doubt on the propriety of a federal court's adjudication of this state law issue. In Carver v. Nassau County Interim Finance Authority, an opinion authored by Judge Korman (sitting by designation), the Second Circuit held that the district court had abused its discretion in exercising supplemental jurisdiction over a state law claim. See — F.3d —, 2013 WL 5289050 (2d Cir. Sept. 27, 2013). Carver involved a claim that presented "an unresolved question of state law and . . . exceptional circumstances which provide[d] compelling reasons for declining jurisdiction." See id. at *2. The Second Circuit found that the interpretation of the state statute at issue "implicated an important element of [a government agency's] oversight responsibility and its ability to carry out its purposes[.]" See id. at *3.

The prevailing wage rate schedules and classifications for the contracts at issue in the instant action are set by the N.Y.C. Comptroller's Office. See Pl. Mem. at 4. If the Court were to interpret section 220 (or section 230/231, as the case may be) and the corresponding prevailing wage schedules and classifications, such an interpretation would "implicate[] significant state interests[,]" 2013 WL 5289050, at *3  — namely, a whole class of workers would potentially be entitled to a higher rate of pay, a result that the State and N.Y.C. Comptroller's Office may or may not have intended.

Therefore, both parties are ordered to show cause, why, in light of the intervening Second Circuit decision in Carver v. Nassau County Interim Finance Authority, the district court should not decline to exercise supplemental jurisdiction over the state law claims and stay the two remaining federal law claims, pending resolution of the prevailing wage issue in state

court.  The parties' responses are due, via ECF, no later than October 18, 2013.

## CONCLUSION

As explained above, the undersigned magistrate judge has identified several issues related to the two motions pending before this Court that require supplemental briefing. Accordingly, by October 11, 2013, plaintiff must file, via ECF, supplemental briefing that: (1) specifies the prevailing wage provision under which she is seeking to certify a class; and in the event plaintiff intends to proceed based on section 230/231, shows cause why plaintiff should be allowed to advance a legal theory absent from her complaint; and (2) clarifies which of her state law claims she seeks to certify as a class in her pending Rule 23 motion; and (3) shows cause why her second claim for relief should not be dismissed for failure to exhaust her administrative remedies.  The Miracle defendants are directed to file responsive submissions on these points, via ECF, by October 18, 2013.

In addition, both parties are ordered to show cause, via ECF, no later than October 18, 2013, why, in light of the intervening Second Circuit decision in Carver v. Nassau County Interim Finance Authority, the district court should not decline to exercise supplemental jurisdiction over the state law claims and stay the two remaining federal law claims, pending resolution of the prevailing wage issue in state court.

**SO ORDERED.**

**Dated:     Brooklyn, New York**
**            October 2, 2013**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**